IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DALLAS REAL ESTATE INVESTORS, LLC, | § | Case No. 21-41488 |
| Debtor | § | CHAPTER 11 |
| | § | |
| PALISADES TC, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 21-04073-elm |
| DALLAS REAL ESTATE INVESTORS, LLC, | § | |
| Defendant. | § | |
| | § | |
| PALISADES TC, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 21-04061-elm |
| FIVE STAR MM, LLC, et al. | § | |
| Defendants. | § | |

**<u>PLAINTIFF'S MOTION TO CONSOLIDATE</u>**

Plaintiff Palisades TC, LLC ("Plaintiff" or "Palisades") files this Motion to Consolidate Adversary Proceeding No. 21-04061-elm (the "Five Star Action") and Adversary Proceeding No. 21-04073-elm (the "Dallas Lenders Action" and together with the Five Star Action, the "Adversary Proceedings"), pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable herein by

Rule 7042 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, Plaintiff states as follows:

## SUMMARY OF RELIEF SOUGHT

Pursuant to Fed. R. Civ. P. 42(a) and Fed. R. Bankr. P. 7042, Plaintiff respectfully requests that this Court consolidate the Five Star Action and the Dallas Lenders Action in a single proceeding because they involve numerous common questions of law and fact, including:

- whether Defendant Timothy Barton defrauded Plaintiff into investing in each of the two real estate deals;
- interpretation and application of similar company agreements and provisions governing the two companies and deals at issue;
- interpretation of a settlement agreement all parties entered into that Defendants defaulted on and whether Mr. Barton is individually responsible under that agreement;
- Defendants' defaults under similar default provisions and the remedies Plaintiff has available as a result.

In addition, the two cases involve nearly identical deal structures and overlapping key witnesses. Thus, for all of these reasons and more, it makes sense to consolidate them and avoid duplicative discovery, hearings, legal briefing and decisions, and trials.

**BACKGROUND**

The Adversary Proceedings arise out of Palisades' business dealings with Defendant Timothy Barton and his representations regarding two real estate development projects. The first was a project in Dallas on Turtle Creek Boulevard (the "Turtle Creek Deal") and the second was a project in Frisco (the "Frisco Deal"). Both involved the acquisition of land and construction of hotels. One Adversary Proceeding involves the Turtle Creek Deal and the other involves the Frisco Deal.

More specifically, in September 2019 and January 2020, Plaintiff agreed to provide equity funding to help purchase each respective property. To do that, Plaintiff entered into Company Agreements with entities owned/controlled by individual Defendant Timothy Barton to form Five Star MM, LLC and Dallas Real Estate Lenders, LLC, respectively. Each company was created to manage one of the two development projects at issue in the Adversary Proceedings. Five Star MM, LLC was created to develop property in the Turtle Creek neighborhood of Dallas, TX, and Dallas Real Estate Lenders, LLC was created to develop property in Frisco, TX.

Plaintiff provided $4 million to Five Star GM, LLC and $3.5 million to Dallas Real Estate Lenders, LLC as Preferred Capital Contributions. Shortly thereafter, however, Barton and the other Defendants defaulted on their obligations under both Company Agreements and did not pay Plaintiff the money the guaranteed distributions they were supposed to receive. Both projects went under, Plaintiff filed suit to recoup its $7.5 million total investment with Barton. Eventually, the lawsuits were removed and transferred here as the Adversary Proceedings.

Plaintiff and Defendants sought to resolve their dispute, and even entered into a settlement agreement in 2021, but Defendants eventually defaulted. Now, Plaintiff has retained new counsel and intends to press these cases forward, amend its complaint to add and refine fraudulent inducement claims against Defendants, including Defendant Timothy Barton, and add an alternative claim for breach of the settlement agreement. First, Plaintiff asks the Court to consolidate the two Adversary Proceedings so it can file one consolidated amended complaint and efficiently pursue discovery in one case.

## LEGAL STANDARD

Bankruptcy Rule 7042 incorporates and adopts by reference Federal Rule 42(a), which provides that "[i]f actions before the court involve common questions of law or fact, the court may . . . consolidate the actions . . ." Fed. R. Civ. P. 42(a), *see also* Fed. R. of Bankr. P. 7042. Rule 42(a) gives the Court "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). Where two actions involve common questions of law or fact, "[c]onsolidation is proper when it will avoid unnecessary costs or delay so long as it will not prejudice the rights of the parties." *Owen v. United States*, No. 3:12-CV-2641-P, 2013 WL 12137712, at *1 (N.D. Tex. Mar. 19, 2013).

## ARGUMENT

Here, common issues of fact and law abound in the two Adversary Proceedings, and consolidation would promote judicial economy and the convenience of the parties because the Adversary Proceedings have the same parties, are premised on

overlapping facts, and seek the same/overlapping relief—both as currently plead and even more so once Plaintiff files its amended complaint. *See Int'l Paving Sys. Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992) (consolidating action because the issue of liability raised common questions of law and fact and potential inconsistent verdicts). *Compare* Five Star Action Complaint (Documents 1-3 from District Court Docket Sheet at 18-36, (No. 21-04061-elm), ECF No. 3) *with* Dallas Lenders Action Complaint (District Court Documents 1-9 at 23-35, (No. 21-04073-elm), ECF No. 3).

For example, as currently pleaded, the company agreements at issue raise common issues of law and fact for the Court's consideration because their structure and language mirror one another. The Court will need to read, digest, and apply and interpret the basic structure and terms of both, and address Defendants' similar defenses. They also involve overlapping issues of fact including Defendant Barton's actions in inducing Plaintiff to invest in both deals, the representations he made, and, for the second, deal, the facts about the first deal that he failed to disclose to Plaintiff to induce subsequent investment. Also, Defendants have asserted similar overlapping defenses in both cases. *See* Defs. Answers (Documents 1-3 from District Court Docket Sheet at 163-76, (No. 21-04061-elm), ECF No. 3); (District Court Documents 1-9 at 98-101, (No. 21-04073-elm), ECF No. 3).

Thus, just as currently pleaded, consolidating the Adversary Proceedings would spare the Plaintiff from having to prosecute, and the Defendant from having

to defend, each Action separately. Consolidation would also be more efficient judicially for the Court and its resources.

As to be amended, the common issues of law and fact become even more overwhelming. Plaintiff's forthcoming amended complaint will focus more on Defendant Barton's fraudulent inducement of Plaintiff into both investments, the false representations he made about his real estate development history and experience, and his ability to fund the deals. It will also add an alternative claim for breach of the parties' settlement agreement against all Defendants that will involve overlapping issues of contract interpretation and adjudication.

As such, Plaintiff proposes that the Five Star Action be designated as the lead case, and that all pleadings and other papers in the Adversary Proceedings be henceforth docketed only in the Five Star Action. Plaintiffs also request that the Court direct the Clerk of the Court to enter a notation substantially similar to the following notation on the docket of the Dallas Lenders Action to reflect the consolidation of the Adversary Proceedings:

> An Order has been entered in this case directing the consolidation of this Adversary Proceeding with Adversary Proceeding No. 21-04061-elm, and the docket in Adversary Proceeding No. 21-04061-elm should be consulted for all matters affecting this case.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the Court grant this Motion to Consolidate and enter an order in both cases consolidating them for all purposes. Plaintiff requests any further relief, whether in law or equity, to which it may be entitled.

Dated: September 2, 2022

Respectfully submitted,

*/s/ Jonathan R. Patton*
Jonathan R. Patton
Texas Bar No. 24088198
jpatton@tillotsonlaw.com
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
**TILLOTSON JOHNSON & PATTON**
1807 Ross Avenue, Suite 325
Dallas, Texas 75201
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Defendants' counsel, and they are opposed to the relief sought in this Motion.

*/s/ Jonathan R. Patton*
Jonathan R. Patton

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing was served upon all counsel herein by E-Service on September 2, 2022.

*/s/ Jonathan R. Patton*
Jonathan R. Patton